IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| CYNTHIA CURRAN, administrator of the : | CIVIL ACTION |
| ESTATE OF CARA BETH SALSGIVER : | No.: 1:23-cv-19 |
| 14 Zemke Lane : | |
| Oil City, PA 16301 : | TRIAL BY JURY DEMANDED |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| VENANGO COUNTY : | |
| 1186 Elk Street : | |
| Franklin, PA 16323 : | |
| : | |
| JOHN DOE MEDICAL PROVIDER : | |
| 1186 Elk Street : | |
| Franklin, PA 16323 : | |
| : | |
| JOHN DOE MEDICAL STAFF     : | |
| 1186 Elk Street : | |
| Franklin, PA 16323 : | |
| : | |
| JOHN DOE CORRECTIONS OFFICER : | |
| 1186 Elk Street : | |
| Franklin, PA 16323 : | |
| : | |
| Jeffrey J. Ruditis, Warden : | |
| 1186 Elk Street : | |
| Franklin, PA 16323 : | |
| : | |
| Kelly W. McKenzie, Chief Deputy Warden : | |
| 1186 Elk Street : | |
| Franklin, PA 16323 : | |
| : | |
| Defendants. : | |

---

## **COMPLAINT**

Plaintiff, Cynthia Curran, as the Administrator of the Estate of Cara Beth Salsgiver, by

and through her attorney, Brian Zeiger, Esq., hereby alleges the following:

1

## PARTIES

1.      Plaintiff, the Administrator of the Estate of Cara Beth Salsgiver, is an adult individual who currently resides at 14 Zemke Lane, Oil City, PA 16301.

2.      Defendant Venango County, is a Municipality in the Commonwealth of Pennsylvania doing business at 1186 Elks Street, Franklin, PA 16323.

3.      Defendant John Doe Medical Provider is a healthcare provider doing business at 1186 Elks Street, Franklin, PA 16323.

4.      Defendant John Doe Medical Staff, were working on duty as medical staff for John Doe Medical Providers at all time relevant to this Complaint, doing business at 1186 Elks Street, Franklin, PA 16323, and are all sued in their individual capacity.

5.      Defendant John Doe Corrections Officers are believed to be adult citizens of Pennsylvania. Defendant John Doe Corrections Officers are being sued in their individual capacity, conducting business at doing business at 1186 Elks Street, Franklin, PA 16323.

6.      Defendants Ruditis and McKenzie are believed to be adult citizens of Pennsylvania and are being sued in their official capacity only, doing business at 1186 Elks Street, Franklin, PA 16323

7.      At all times material hereto, the Defendants acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of Venago County.

## JURISDICTION AND VENUE

8.      This action is brought pursuant to 42 U.S.C. § 1983.

9.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343.

2

## FACTUAL BACKGROUND

10.     Plaintiff re-alleges each and every averment as set forth previously, as if the same were set forth here in full.

11.     Plaintiff was an inmate at the Venago County Prison from approximately July 5, 2022, through July 18, 2022.

12.     On or about July 18, 2022, the decedent died from severe bilateral pyelonephritis with acute bronchopneumonia—she died of an untreated kidney infection.

13.     The decedent asked for medical help before she died, yet she was denied proper care.

14.     Further, at the time of her death, the decedent had active fentanyl and cocaine in her bloodstream.

15.     The decedent had been in custody for approximately 13 days at the time of her death; she ingested fentanyl and cocaine while she was an inmate at the Venango County Prison.

16.     On or about July 18, 2022, Venango County contracted with John Doe Medical Providers to provide health care to all prisoners and pretrial detainees housed in the Venango County Prison.

17.     Venango County, along with John Doe Medical Provider, are responsible for creating, implementing, and enforcing policies, practices, and procedures to ensure that all pretrial detainees and prisoners are provided proper medical and proper behavioral healthcare while in their custody.

18.     Based upon information and belief, for approximately three to four days before the decedent's untimely passing, she asked for medical treatment, had extremely swollen legs, was unable to ambulate, and her cellmate and other surrounding inmates asked the John Doe Medical

3

Staff and John Doe Corrections Officers for medical attention, but the requests were ignored.

19.     Despite her complaints, the decedent was not provided with proper medical treatment while under the care and supervision of Defendant Venango County.

20.     In a report from Dr. Eric Lee Vey, M.D., Forensic Pathologist, of an autopsy conducted on July 18, 2022, Ms. Salsgiver's cause of death was listed as "severe bilateral pyelonephritis with acute bronchopneumonia."

21.     Dr. Vey's report is dated October 13, 2022.

22.     As a direct and proximate cause of Defendants' actions and inactions, the decedent suffered immense physical injuries and death.

23.     Moreover, the decedent's family suffered mental anguish and a loss of companionship, comfort, financial support, and guidance.

24.     Moreover, the decedent had death beneficiaries who will never see her again, nor with the decedent be able to provide financial support for her beneficiaries.

25.     Venango County failed to create, implement, and enforce policies, practices, and procedures to ensure that proper care was provided to the decedent.

26.     Venango County failed to ensure medical personnel properly examined inmates complaining of physical health complaints while detained at the Venango County Prison.

27.     Venango County failed to ensure John Doe Medical Provider properly treated patients in the Venango County Prison.

28.     Venango County failed to provide medical personnel and staff to treat inmates with physical complaints while detained.

29.     Additionally, Venango County has been sued in recent years for deliberate indifference to

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

the needs of inmates, evincing a practice, policy, and/or a de facto custom of a total lack of responsibility for the care and safety of inmates.

    a. In *Selby v. Caffery,* 20-240, the Plaintiff was brutally attacked by another inmate while he was asleep. Plaintiff was housed with an inmate known to guards and supervisors for assaulting other inmates. The other inmate beat the Plaintiff so badly that he almost died. Plaintiff was clearly misclassified. Plaintiff was medevacked in a helicopter to a hospital in Pittsburgh for treatment. Plaintiff was permanently disfigured as a result of the failure to protect by Venango County.

    b. In *Happel v. Bishop*, 22-347, Plaintiff entered the Venango County Prison while he was on a detox problem, and the prison medical refused to continue his detox medicine. As a result, Plaintiff had multiple seizures and sustained injuries therein, all of which were permanent in nature.

    c. In *Strawbridge v. Venango County*, 19-cv-272, the decedent committed suicide even though the Venango County Prison employees were on notice of and believed the decedent to be suicidal.

30.    Further, based upon information and belief, a community group called "Speak Up Venango" that has compiled a list of complaints against the Venango County Prison, including but not limited to a list of Venango County Correctional Officers complaining about the lack of medical care available to inmates at the Venango County Prison. The aforementioned complaints are tantamount to a *de facto* custom or policy of deliberate indifference and failure to provide medical care to inmates at the Venango County Prison.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

## COUNT I:
## FAILURE TO PROTECT AND DENIAL OF MEDICAL CARE
## FOURTEENTH AND EIGHTH AMENDMENT – PURSUANT TO 42 U.S.C § 1983
## PLAINTIFF V. ALL DEFENDANTS

31.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

32.    The decedent repeatedly complained of severe pain.

33.    Defendants did not properly investigate or treat decedent's medical complaints.

34.    Defendants did not properly learn the cause or condition of decedent's medical complaint.

35.    Defendants labeled decedent's complaints as frivolous and did not treat decedent's complaints of pain.

36.    Defendants failed to protect decedent's physical well-being.

37.    Defendants deliberately, recklessly, and with conscious disregard for decedent's well-being, ignored decedent's complaints of physical pain.

38.    Defendants deliberately, recklessly, and with conscious disregard for decedent's well-being, ignored decedent's obvious need for medical treatment and evaluation.

39.    Defendants deliberately, recklessly, and with conscious disregard for decedent's well-being, denied decedent of medical care.

40.    Defendants deliberately, recklessly, and with conscious disregard for decedent's well-being, failed to ensure that decedent received prompt medical attention;

41.    Defendants acted deliberately, recklessly, and with a conscious disregard for the obvious risk that the decedent had a serious medical issue.

42.    Defendants' actions caused the decedent to suffer needlessly, served no penological purpose, and caused her to die.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

43.     As a direct and proximate cause of Defendants' actions, the decedent suffered an injury, immense physical pain, humiliation, fear, and ultimately death.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages against all defendants except Venango County, delay damages, attorneys fees, and allowable costs of suit and brings this action to recover same.

## COUNT II:
### FAILURE TO PROTECT FROM ILLICIT DRUGS
### FOURTEENTH  AND EIGHTH AMENDMENT – PURSUANT TO 42 U.S.C § 1983
### PLAINTIFF V. VENANGO COUNTY, JOHN DOE CORRECTIONS OFFICERS,
### RUDITS, and McKENZIE

44.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

45.     At all times relevant, the decedent was incarcerated at the Venango County Prison and because she was in their custody, the defendants had a duty to protect her from known serious risks to her health and safety.

46.     Defendants knew the decedent was vulnerable to overdose or injury due to her previous narcotics usage.

47.     Defendants knew there was a pervasive drug smuggling problem at the Venango County Prison.

48.     Defendants knew of the risks and harm associated with dangerous illegal drugs.

49.     Defendants ignored their knowledge and did not do anything to curb the introduction, spread, and usage of dangerous drugs in prison, despite their direct knowledge from prisoners regarding drugs in the prison.

7

50.     Defendants' refusal to act constitutes deliberate indifference to the decedent.

51.     Defendants' actions and inactions constitute a violation of Plaintiff's rights under 42 U.S.C. § 1983 and under the Eighth and Fourteenth Amendments to the United States Constitution to be free from cruel and unusual punishment, which resulted in injury and death. WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages against all defendants except Venango County, delay damages, attorneys fees, and allowable costs of suit and brings this action to recover same.

### COUNT III:
### SUPERVISOR LIABILITY –
### FOURTEENTH AMENDMENT – PURSUANT TO 42 U.S.C. § 1983
### PLAINTIFF V. DEFENDANT VENANGO COUNTY, JOHN DOE MEDICAL PROVIDER, RUDITIS, McKENZIE, and DOE

52.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

53.     Defendants Venango County, John Doe Medical Provider, Ruditis, McKenzie, and Doe were deliberately indifferent to the needs of pretrial detainees and prisoners being held at the Venango County Prison.

54.     Upon information and belief, Defendants were aware that certain policies and customs posed a grave danger to pretrial detainees and prisoners detained in the Venango County Correctional Facility, including the decedent.

55.     Defendants Venango County, John Doe Medical Provider, Ruditis, McKenzie, and Doe maintained a policy of staffing an insufficient medical staff at the Venango County Prison.

56.     John Doe Medical Provider did not properly refer the decedent to a physician for

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

treatments related to her complaints of pain.

57.     The policy, procedures, and standards providing medical care and dispensing medication were defective and therefore failed the decedent, ultimately causing her death.

58.     In spite of such knowledge, Defendants did nothing to implement corrective policy or correct custom, which Defendants knew posed a serious danger to inmates and pretrial detainees, including the decedent.

59.     The Defendants were deliberately indifferent to the well-being of the inmates detained in the Correctional Facility, including the decedent.

60.     Defendants knew of their supervisory failures and knew that inmates detained were not receiving adequate treatment but deliberately failed to correct the problem.

61.     Defendants were aware of a substantial risk that detained inmates would not receive proper medical care.

62.     Defendants were deliberately indifferent to the consequences of their established policies and customs.

63.     Defendants establishment and maintenance of the above-mentioned policies and customs directly caused the decedent to be deprived of her Constitutional rights.

64.     As a direct and proximate result of the Defendants' deliberate indifference, the decedent suffered immense physical pain, humiliation, fear, physical injuries, and death. Moreover, the decedent's family suffered mental anguish and a loss of companionship, comfort, financial support, and guidance.

65.     Plaintiff also makes a claim for such injuries, damages, and consequences resulting from the incident of which she has no present knowledge.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages against all defendants except Venango County, delay damages, interest, attorneys fees, and allowable costs of suit and brings this action to recover same.

### COUNT IV:
### MUNICIPAL LIABILITY
### FOURTEENTH AMENDMENT – PURSUANT TO 42 U.S.C. § 1983
### PLAINTIFF V. VENANGO COUNTY and JOHN DOE MEDICAL PROVIDERS

66.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

67.    Defendants Venango County and their subcontractor John Doe Medical Providers, promulgated and maintained policies and customs, as pled at length above, which were the moving force that caused the decedent's constitutional and statutory rights to be violated.

68.    Defendants Venango County and their subcontractor, John Doe Medical Providers, failed to adhere to protocol in detecting and safeguarding inmates when inmates made medical complaints.

69.    Defendants Venango County and their subcontractor John Doe Medical Providers, maintained a policy of not sufficiently staffing the medical portion of the Venango County Prison with the proper doctors and medical staff to treat the medical needs of inmates.

70.    Defendants Venango County and their subcontractor John Doe Medical Providers, maintained a policy of allowing not properly conducting medical examines and evaluations of detained inmates.

71.    Defendants Venango County and their subcontractor John Doe Medical Providers maintained a policy of not properly dispersing medicine to inmates.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

72.     Defendants Venango County and their subcontractor John Doe Medical Providers maintained a policy of not properly ensuring referrals for medical treatment outside of the Venango County Prison, and not ensuring a proper follow-up from the referral.

73.     Defendants Venango County and their subcontractor John Doe Medical Providers maintained a custom among medical care providers to not properly investigate the cause or condition of inmate complaints, and treat inmates complaining of physical ailments.

74.     All of the pled policies and customs were implemented before, during, and after decedent's detention at the Venago County Correctional Facility.

75.     Defendant knew of the dangers posed by these policies and customs.

76.     Specifically, Defendants Venango County and their subcontractor John Doe Medical Providers were fully aware prior to the time period of the decedent's incarceration of the serious and extreme danger posed by not properly providing medical care to inmates.

77.     Despite this prior knowledge, Defendants Venango County and their subcontractor John Doe Medical Providers took no steps to enact proper policies to remedy the problematic policies and customs.

78.     Had Defendants Venango County and their subcontractor John Doe Medical Providers properly promulgated appropriate protocol, had an improper custom, or adequately trained and/or supervised the individual defendants, the decedent would have received appropriate care and supervision.

79.     Defendants Venango County and their subcontractor John Doe Medical Providers, were deliberately indifferent to the constitutional rights of the decedent.

80.     Defendants Venango County and their subcontractor John Doe Medical Providers

11

policies and customs were a direct and proximate cause of Plaintiff's injuries and damages.

81.     As a direct and proximate result of Defendants Venango County and their subcontractor John Doe Medical Providers policies and customs, the decedent suffered immense physical pain, humiliation, fear, physical injuries and death. Moreover, the decedent's family suffered mental anguish and a loss of companionship, comfort, financial support and guidance.

82.     Plaintiff also makes a claim for such injuries, damages and consequences resulting from the incident of which he has no present knowledge.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages against all defendants except Venango County, delay damages, interest, attorneys fees and allowable costs of suit and brings this action to recover same.

<u>**COUNT V:**</u>
<u>**NEGLIGENCE (GENERALLY)(PENNSYLVANIA LAW) –**</u>
<u>**PLAINTIFF V. DEFENDANTS JOHN DOE MEDICAL PROVIDERS, JOHN DOE**</u>
<u>**MEDICAL STAFF, AND JOHN DOE CORRECTIONS OFFICERS.**</u>

83.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

84.     Defendants John Doe Medical Providers, John Doe Medical Staff, and John Doe Corrections Officers owed the decedent a duty of care.

85.     Defendants John Doe Medical Providers, John Doe Medical Staff, and John Doe Corrections Officers breached their duty of care to the decedent.

86.     The negligent conduct of the Defendants John Doe Medical Providers, John Doe Medical Staff, and John Doe Corrections Officers, in the course and scope of their employment with Venango County and/or as the agent of Venango County, consists of the following:

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

a.  negligently and recklessly failing to properly communicate among John Doe Corrections Officers and John Doe Medical Staff to ensure that all medical providers could properly provide the care necessary and treatment to the decedent;

b.  negligently and recklessly failing to properly administer necessary medication to prevent the decedent's death;

c.  negligently and recklessly failing to properly maintain and properly monitor records in order to discover medical issues, causes, and conditions to be treated with necessary medical care and medication.

d.  negligently and recklessly not examining the decent for her medical complaints.

e.  negligently and recklessly failing to physically examine the decedent.

f.  negligently and recklessly failing to learn why the decedent was not seen by medical staff in relation to her complaints of pain.

g.  communicate to superiors and peers of the decedent's complaints of pain.

h.  Not personally going into decedent's cell and giving her a physical exam.

i.  negligently and recklessly failing to provide appropriate supervision to the decedent

j.  negligently and recklessly failing to monitor Plaintiff while in their care.

87.  As a direct and proximate cause of Defendants' negligence, decedent experienced significant pain and suffering.

88.  As a direct and proximate cause of Defendants' negligence, decedent died while enduring significant pain and suffering, both physical and emotional.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages, delay damages,

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

interest, attorneys fees and allowable costs of suit and brings this action to recover same.

## COUNT VI:
## WRONGFUL DEATH (PENNSYLVANIA LAW)
## PLAINTIFF V. . DEFENDANTS JOHN DOE MEDICAL PROVIDERS, JOHN DOE MEDICAL STAFF, AND JOHN DOE CORRECTIONS OFFICERS.

89.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

90.     Plaintiff brings the action on behalf of the beneficiaries under and by virtue of the Wrongful death Act, 42 Pa.C.S.A. § 8301, and the Applicable Rules of Civil Procedure.

91.     The decedent is survived by beneficiaries under the Wrongful Death Act.

92.     As a result of the conduct of Defendants, as set forth herein, the deceased, was caused grave injuries and death resulting in the entitlement to damages by the beneficiaries under the wrongful Death Act.

93.     Plaintiff claims all expenses recoverable under the Wrongful Death Act, including but not limited to damages for medical, funeral, and burial expenses and expenses of administration necessitated by reason of the injuries causing the decedent's death.

94.     On behalf of the Wrongful Death Act beneficiaries, the Administrator claims damages for services provided which could have been expected to have been performed in the future.

95.     On behalf of the Wrongful Death Act Beneficiaries, the Administrator claims damages for all pecuniary loss suffered by the beneficiaries.

96.     On behalf of the Wrongful Death Act beneficiaries, the Administrator claims damages for all loss of comfort, society, guidance, and tutelage that the beneficiaries may have received from the decedent by the beneficiaries as a result of decedent's untimely death.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

97.     On behalf of the Wrongful Death beneficiaries, the Administrator claims damages for the full measure of damages, including punitive damages, allowed under the Wrongful Death Act of Pennsylvania and the decisional law interpreting said Act.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages, delay damages, interest, attorneys fees and allowable costs of suit and brings this action to recover same.

**COUNT VII:**
**SURVIVAL ACTION (PENNSYLVANIA LAW) –**
**PLAINTIFF V. . DEFENDANTS JOHN DOE MEDICAL PROVIDERS, JOHN**
**DOE MEDICAL STAFF, AND JOHN DOE CORRECTIONS OFFICERS.**

98.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

99.     Plaintiff brings this Survival Action under and by virtue of 42 Pa.C.S. §8302, and the applicable Rules of Civil Procedure and the decisional law interpreting the Act.

100.    As a result of the negligence of all Defendants set forth herein, the decedent, was caused grave injuries and death, resulting in the entitlement to damages by her Estate under the Survival Act.

101.    As a result of the decedent's death, the Estate has been deprived of the economic value of his life expectancy, and Plaintiff claims under the Survival Act, damages for all pecuniary losses suffered by the Estate as a result of her decedent's death, including all loss of income, earnings, retirement income, benefits and Social Security income.

102.    The Administrator further claims, under the Survival Act, the total amount that the decedent would have earned in the future, minus the costs of personal maintenance.

103.    The Administrator further claims, under the Survival Act, damages for the conscious pain

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

and suffering endured by decedent prior to death, including physical pain and suffering, and mental pain and suffering leading to decedent's death.

104.     The Administrator further claims, under the Survival Act all damages, including punitive damages, recoverable pursuant to 42 Pa.C.S. § 8302, and the decisional law interpreting said Act.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages, delay damages, interest, attorneys fees and allowable costs of suit and brings this action to recover same.

## COUNT VIII:
## VICARIOUS LIABILITY—RESPONDEAT SUPERIOR
## PLAINTIFF V. DEFENDANT JOHN DOE MEDICAL PROVIDER

105.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length

106.     The negligence of Defendant John Doe Medical Provider, by and through their agents, servants, and/or employees, within the course and scope of their agency and employment.

107.     Upon information and belief, Defendant John Doe Medical Provider, employed or hired the individual defendants to provide medical services at the Venango County Prison on their behalf.

108.     The individual employees were providing medical services at the time of the incident during the course of and within the scope of their employment.

109.     The individual defendants' medical services were for the purpose of benefiting John Doe Medical Provider.

110.     Plaintiff makes a claim for such injuries, damages, and consequences resulting from the individual Defendants' negligence as outlined above, for which John Doe Medical Provider is

16

vicariously liable.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages, delay damages, interest, attorneys fees and allowable costs of suit and brings this action to recover same.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to each count and each Defendant.


RESPECTFULLY SUBMITTED,


January 31, 2023                               /s/Brian Zeiger
DATE                                          BRIAN ZEIGER
                                              IDENTIFICATION NO.: 87063
                                              LEVIN & ZEIGER, LLP
                                              TWO PENN CENTER
                                              1500 JFK BLVD STE 620
                                              PHILADELPHIA, PA 19102
                                              215.546.0340
                                              zeiger@levinzeiger.com

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340