IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| CYNTHIA CURRAN, ADMINISTRATOR OF THE ESTATE OF CARA BETH SALSGIVER; <br><br> Plaintiff <br><br> vs. <br><br> VENANGO COUNTY, JOHN DOE MEDICAL PROVIDER, JOHN DOE MEDICAL STAFF, JOHN DOE CORRECTIONS OFFICER, JEFFREY J. RUDITIS, WARDEN; AND KELLY W. MCKENZIE, CHIEF DEPUTY WARDEN; <br><br> Defendants | 1:23-CV-00019-RAL <br><br> RICHARD A. LANZILLO <br> UNITED STATES MAGISTRATE JUDGE <br><br> ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY <br><br> ORDER ON DEFENDANT VENANGO COUNTY'S MOTION FOR PROTECTIVE ORDER <br><br> IN RE: ECF NOS. 7, 14, |

Two motions are presently pending in this matter. First, the Plaintiff has filed a motion to compel discovery, namely, the production of the medical records of decedent, Cara Salsgiver. *See* ECF No. 7. As stated on the record at a hearing conducted on April 27, 2023, the motion to compel discovery is denied. However, construed as a motion to conduct limited early discovery, the motion is granted.

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). As such, "courts have broad discretion to manage the discovery process and may expedite or otherwise alter the time and sequence of discovery." *Teets v. Doe One*, 2021 WL 808572, at *1 (W.D. Pa.

1

Mar. 3, 2021). While a standard for assessing motions for early or expedited discovery has not been announced by the Court of Appeals for the Third Circuit, "[t]he prevailing approach in this Circuit is to apply the 'good cause' or reasonableness standard." *Robson Forensic, Inc. v. Shinsky*, 2022 WL 1198228, at *3 (E.D. Pa. Apr. 22, 2022), *appeal dismissed*, 2022 WL 17037664 (3d Cir. Sept. 12, 2022) (citing *Bath Auth., LLC v. Anzzi LLC*, 2018 WL 5112889, at *8 (E.D. Pa. Oct. 19, 2018)). *See also Graziano v. Pa. Dep't Corr.*, 2022 WL 17252572 (W.D. Pa. Nov. 28, 2022); *Samuel, Son & Co. v. Beach*, 2013 WL 4855325, at *3 (W.D. Pa. Sept. 11, 2013).

This good cause standard requires the court to "consider[ ] the totality of the circumstances to discern whether the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Teets*, 2021 WL 808572, at *1 (citing *Strike 3 Holdings, LLC v. Doe*, 2020 WL 3567282, at *4-5 (D.N.J. June 30, 2020) (applying non-exclusive list of factors for determining "good cause"); *Leone v. Towanda Borough*, 2012 WL 1123958 (M.D. Pa. Apr. 4, 2012) (applying good cause standard to request for expedited discovery)). Apropos to the instant case, the Third Circuit instructs that

> [t]he need for discovery before testing a complaint for factual sufficiency is particularly acute for civil rights plaintiffs, who often face informational disadvantages. Plaintiffs may be unaware of the identities and roles of relevant actors and, owing to their incarceration or institutionalization, unable to conduct a pre-trial investigation to fill in the gaps.... For instance, our cases permit the naming of fictitious defendants as stand-ins until the identities can be learned through discovery.... [and] access to discovery may well be critical.

*Id.*, at *2 (quoting *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (internal citations omitted) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980))). In such situations, courts generally grant the plaintiff "an opportunity through discovery to identify the unknown

defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Stroman v. Lower Merion Twp.*, 2007 WL 475817, at *6 (E.D. Pa. Feb. 7, 2007) (quoting *Alston*, 363 F.3d at 233 n.6) (quoting *Gillespie*, 629 F.2d at 642)).

Here, the Plaintiff's motion seeks preliminary discovery limited to Salsgiver's medical records which will then enable her to identify the appropriate defendants and amend her complaint accordingly. Counsel for the Plaintiff indicated at the hearing that prior to doing so, he will provide Counsel for Venango County with appropriate waivers from the Plaintiff as administrator of the decedent's estate, thereby addressing any concerns of confidentially or privacy under the Health Insurance Portability and Accountability Act, § 264 Pub. L. 104-191, 110 Stat. 1936, 2033-34 (codified at 42 U.S.C. § 1320d-2 note).

Upon consideration, the Court finds that good cause exists to permit the Plaintiff to conduct limited early discovery to ascertain the identities of the John Doe defendants. Allowing Plaintiff to identify these defendants should expediate service upon them and permit this action to proceed without undue delay. This need outweighs any prejudice that may result, as discovery limited only to identifying these defendants and their alleged involvement in Plaintiff's claims should impose little burden on the defendants. *See* Fed. R. Civ. P. 26(b)(1) (defining scope of discovery as proportional and relevant). *See also Teets*, 2021 WL 808572, at *2 (limiting Plaintiff's early discovery to narrowly drawn subpoenas directly related to ascertaining the identifies of the John Do defendants). Accordingly, construed as a motion to conduct early discovery, it is granted. At this stage of the litigation, discovery is limited to ascertaining the identify of the John Doe defendants based on their participation in events alleged in the Complaint. Any production of documents and/or records to the Plaintiff may only be done after

3

the Plaintiff has provided defense counsel with the appropriate waivers. Initial discovery shall be completed on or before **Tuesday, May 30, 2023**.

In light of this order then, the Defendant's motion for a protective order (ECF No. 14) is denied as moot.

So ORDERED this 28th day of April, 2023.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE