IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA CURRAN, ADMINISTRATOR OF THE ESTATE OF CARA BETH SALSGIVER, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | Case No. 1:23-cv-19 ) ) |
| VENANGO COUNTY, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This civil action was commenced on January 31, 2023 by Cynthia Curran ("Curran"), as Administrator of the Estate of Cara Beth Salsgiver ("Cara ") who, tragically, died while in the custody of the Venango County Prison ("VCP"). In her operative Amended Complaint, ECF No. 32, Curran sued Venango County (the "County"), Maxim Healthcare Staffing ("Maxim"), UPMC Community Medicine, Inc. ("UPMC"), Angela Trowbridge ("Trowbridge"), Regan Snyder ("Snyder"), Mark Bishop ("Bishop"), and various "John Doe" Defendants. In her eight-count pleading, Curran asserts claims under 42 U.S.C. §1983 and Pennsylvania law related to events that allegedly occurred during Salsgiver's confinement at VCP. Specifically, the Amended Complaint sets forth the following causes of action:

1. Eighth and Fourteenth Amendment claims under §1983 against all Defendants based on the alleged failure to provide Cara with necessary medical care (Count I);

2. Eighth and Fourteenth Amendment claims under §1983 against the County, Bishop, and a John Doe Corrections Officer based on the alleged failure to prevent illicit drugs from entering VCP (Count II);

3. Fourteenth Amendment supervisory liability/ failure-to-train claims under §1983 against the County, UPMC, Maxim, and Bishop (Count III);

4. Fourteenth Amendment municipal liability claims under §1983 against the County, UPMC, and Maxim (Count IV);

5. Negligence claims under Pennsylvania law against UPMC, Maxim, Trowbridge, Snyder, and a John Doe Corrections Officer (Count V);

6. Wrongful death and survival claims under Pennsylvania law against UPMC, Maxim, Trowbridge, Snyder, and a John Doe Corrections Officer (Counts VI and VII, respectively); and

7. Vicarious liability/*respondeat superior* claims under Pennsylvania law against UPMC and Maxim (Count VIII).

Pending before the Court are four motions to dismiss filed by the County, ECF No. [39], UPMC and Snyder, ECF No. [62], Maxim and Trowbridge, ECF No. [64], and Bishop, ECF No. [67]. The matter has been referred to Chief United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72.

On November 2, 2023, Judge Lanzillo issued a Report and Recommendation ("R&R") in which he opined the County's motion to dismiss should be granted, Bishop's motion should be granted, and the remaining motions should be granted in part and denied in part. With respect to the County, Judge Lanzillo recommended that Curran's claims be dismissed without prejudice and with leave to amend. With respect to Defendant Bishop, Judge Lanzillo recommended that Curran's claims be dismissed with prejudice, and without leave for further amendment. With respect to the motion filed by UPMC and Snyder, Judge Lanzillo recommended that: (a) the claims against UPMC be dismissed without prejudice and with leave to amend; (b) the motion be denied as it relates to all claims asserted against Defendant Snyder. Finally, with respect to Defendants Maxim and Trowbridge, Judge Lanzillo recommended that: (a) the claims against Maxim be dismissed without prejudice and with leave to amend; (b) the motion be denied as it relates to all claims asserted against Defendant Trowbridge.

2

Objections to the R&R were due on or before November 16, 2023. As of this date, no objections have been received.

Accordingly, after *de novo* review of the documents in the case, including the Amended Complaint, Defendants' motions to dismiss the Amended Complaint, all filings related to the pending motions, and the Magistrate Judge's R&R,

IT IS ORDERED, this 21st day of November, 2023, that the motion to dismiss filed on behalf of Venango County, ECF No. [39], is GRANTED, and all claims against Venango County are hereby DISMISSED, without prejudice, and with leave to amend.

IT IS FURTHER ORDERED that the motion to dismiss filed by Defendant Bishop, ECF No. [67], is GRANTED, and the claims against Defendant Bishop are hereby DISMISSED WITH PREJUDICE, and without leave to amend.

IT IS FURTHER ORDERED that the motion to dismiss filed on behalf of Defendants UPMC and Snyder, ECF No. [62], is GRANTED in part and DENIED in part as follows:

1. Said motion is GRANTED insofar as it relates to the claims against UPMC in Counts I, III, IV, and VIII of the Amended Complaint. Those claims are hereby DISMISSED, without prejudice, and with leave to amend.

2. The motion is DENIED insofar as it relates to the claims against Defendant Snyder in Counts I, V, VI, and VII of the Amended Complaint.

IT IS FURTHER ORDERED that the motion to dismiss filed on behalf of Defendants Maxim and Trowbridge, ECF No. [64], is GRANTED in part and DENIED in part as follows:

1. Said motion is GRANTED insofar as it relates to the claims against Maxim in Counts I, III, IV, and VIII of the Amended Complaint. Those claims are hereby DISMISSED, without prejudice, and with leave to amend.

2. The motion is DENIED insofar as it relates to the claims against Defendant Trowbridge in Counts I, V, VI, and VII of the Amended Complaint.

IT IS FURTHER ORDERED that Plaintiff may file an amended pleading (a "Second Amended Complaint"), **within twenty-one (21) days of the date this Memorandum Order is entered on the docket**, which reasserts the surviving claims against Defendants Snyder and Trowbridge as well as those claims that have been dismissed without prejudice, as stated above. **In the event Plaintiff fails to file an amended pleading within the timeframe allowed by this Memorandum Order, the Court's dismissal of the claims against the County, UPMC, and Maxim will be converted to a dismissal with prejudice, without further notice by the Court.**

IT IS FURTHER ORDERED that Defendants' answers and/or Rule 12 motions shall be due within fourteen (14) days after the Second Amended Complaint is filed. If no amended pleading is filed, Defendants' answers shall be due within fourteen (14) days of the deadline for filing an amended pleading, as set forth herein.

IT IS FURTHER ORDERED that the Report and Recommendation issued by Chief United States Magistrate Judge Richard Lanzillo on November 2, 2023, ECF No. [78], is hereby adopted as the opinion of this Court.

*Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge