IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| CYNTHIA CURRAN, ADMINISTRATOR OF THE ESTATE OF CARA BETH SALSGIVER;<br><br>Plaintiff<br><br>vs.<br><br>VENANGO COUNTY, JOHN DOE CORRECTIONS OFFICER, MAXIM HEALTHCARE STAFFING, ANGELA TROWBRIDGE, REAGAN SNYDER, UPMC COMMUNITY MEDICINE, INC.,<br><br>Defendants | 1:23-CV-00019-SPB<br><br>RICHARD A. LANZILLO<br>CHIEF UNITED STATES MAGISTRATE JUDGE<br><br>MEMORANDUM ORDER ON MOTION FOR EARLY DISCOVERY<br><br>ECF NO. 79 |

Plaintiff has filed a motion to conduct "limited discovery" before the Case Management Conference. ECF No. 79. Plaintiff states that the purpose of this discovery is to ascertain the identities of the "John Doe Defendants[1] in the pleadings, so as Plaintiff can write a proper [second] amended complaint and *hopefully* avoid another round of Motions to Dismiss." *Id.*, ¶ 5) (emphasis supplied). This Court previously granted Plaintiff leave to conduct limited discovery to identify John Doe Defendants. *See* ECF No. 19. The Court finds that the Plaintiff's pending motion speculatively seeks discovery in the hope of finding a factual basis for claims concerning which she presently may lack such a basis. Because Plaintiff's pending motion fails to satisfy the "good cause" standard for early discovery, her motion is DENIED.

---

[1] The caption of Plaintiff's First Amended Complaint names a single "John Doe Corrections Officer" while it later refers to "John Doe Corrections Officers" who are "believed to be adult citizens of Pennsylvania." ECF No. 26, ¶ 6.

1

Despite having had the opportunity to conduct early discovery concerning the John Doe Defendants, Plaintiff's first Amended Complaint included only scant references to the John Doe Defendants. Plaintiff alleged, "[b]ased upon information and belief, "that Cara Beth Salsgiver's "cellmate and other surrounding inmates asked Defendants Angela Trowbridge, and Reagan Snyder *and John Doe Corrections Officers* for medical attention, but the requests were ignored." ¶ 19. The Amended Complaint included no other substantive allegations against the John Doe Defendants. As this Court previously held, the Amended Complaint included minimally sufficient factual allegations to support a claim against Defendants Trowbridge and Snyder. *See* ECF Nos. 78, 80. The Amended Complaint averred that both named Defendants interacted directly with Ms. Salsgiver who presented with "extremely swollen legs and was unable to ambulate." *Id.* This was in addition to the allegation that Ms. Salsgiver's cellmate and other inmates asked Trowbridge and Snyder to provide medical attention to Ms. Salsgiver. The Amended Complaint's lone substantive reference to the John Doe Defendants, in contrast, appears to have been included in the pleading based on speculation that other corrections officers may have been aware of requests for aid from other inmates. Plaintiff has engaged in this level of speculation despite having already engaged in one round of early discovery to identify John Doe Defendants and having previously amended her pleading. Given the dearth of factual allegations to support a claim against any currently unnamed John Doe Defendant, Plaintiff's request for early discovery cannot be regarded as anything more than the proverbial "fishing expedition." This conclusion is further borne out by Plaintiff's statement that she needs discovery so she "can write a proper [second] amended complaint and *hopefully* avoid another round of Motions to Dismiss." ECF No. 79, ¶ 5 (emphasis supplied). In so arguing, Plaintiff is putting the cart before the horse. Plaintiff is not entitled to discovery until she alleges facts

sufficient to elevate her claims above the speculative. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686, (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."). As one Court of Appeals has explained:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should ... be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote and citations omitted). A plaintiff's concern that she may be unable to allege facts sufficient to survive a motion to dismiss is not good cause for granting what, in essence, is pre-complaint discovery.

Accordingly, Plaintiff's motion [ECF No. 79] is **DENIED**.

DATED this 4th day of December 2023

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE