IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| CYNTHIA CURRAN, ADMINISTRATOR OF THE ESTATE OF CARA BETH SALSGIVER, | 1:23-CV-00019-RAL |
| Plaintiff | RICHARD A. LANZILLO Chief United States Magistrate Judge |
| vs. | |
| ANGELA TROWBRIDGE, REAGAN SNYDER, R. KREIDER, | MEMORANDUM ORDER ON PLAINTIFF'S MOTION TO AMEND AND REINSTATE DEFENDANTS |
| Defendants | ECF NO. 139 |

Pending before the Court is Plaintiff Cynthia Curran's motion to amend the complaint to reassert previously dismissed claims against terminated Defendant Venango County ("County"). *See* ECF No. 139.

I.   Background

Plaintiff Cynthia Curran, as administrator of the Estate of Cara Beth Salsgiver, commenced this action on January 31, 2023. Her Complaint asserted federal claims under 42 U.S.C. §1983 and state law claims against Venango County, Pennsylvania, which operates the Venango County Prison ("VCP"), three individuals who either worked or provided medical services at VCP, and two private entities that provided medical services at VCP. ECF No. 1. Plaintiff's claims arise out of Cara Beth Salsgiver's death on July 18, 2022, while she was detained at VCP. *Id.* Ms. Salsgiver died due to "severe bilateral pyelonephritis with acute bronchopneumonia." *Id.*

Venango County moved to dismiss Plaintiff's complaint based on its failure to allege facts to support that it maintained a policy of deliberate indifference to inmate and detainee medical

needs at the VCP or any other policy or custom that contributed to Ms. Salsgiver's death.[1] Although the Complaint referenced unrelated lawsuits involving VCP and the County and alleged generally that Venango County had a duty to maintain policies to provide adequate medical care to those in its custody, it did not identify any deficiency on its part that caused Ms. Salsgiver's death beyond discrete errors in medical judgment by individual defendants. Venango County's motion to dismiss prompted Plaintiff to file a First Amended Complaint on June 16, 2023. ECF No. 26. On June 29, 202, the County again moved to dismiss the claims against it. ECF No. 39. The Court granted Venango County's motion on November 21, 2023, concluding that Plaintiff's amended complaint also failed to allege facts to support a claim against the County. *See* ECF No. 78 (Report and Recommendation), 80 (Order adopting Report and Recommendation).[2] The Court dismissed the claims against the County without prejudice and with leave to file a second amended complaint. *Id.* The Court cautioned the Plaintiff that "in the event [she] fails to file an amended pleading … the Court's dismissal of the claims against the County … will be converted to a dismissal with prejudice, without further notice by the Court." *Id.* (emphasis in original). The Plaintiff filed a second amended complaint, but this pleading did not name the County as a defendant. *See* ECF No. 88. The County then moved to convert the Court's dismissal of the claim against it to one with prejudice, which the Court granted on December 28, 2023. ECF No. 98.

On July 1, 2025, more than nineteen months after the Court dismissed the claims against the County with prejudice, the Plaintiff asked the Court to reinstate the County as a defendant through the filing of a third amended complaint. ECF No. 139. The motion asserts that such

---

[1] Plaintiff requested and was granted leave to conduct limited discovery before the initial case management conference and while motions to dismiss were pending. *See* ECF No. 19.

[2] The parties remaining here have consented to the jurisdiction of a United States Magistrate Judge in these proceedings. *See* 28 U.S.C. § 636(c).

2

relief is warranted because "the county has a non-delegable duty to provide medical care to inmates at the Venango County Prison, and discovery revealed the county had grossly understaffed the Venango County Prison to provide medical care to inmates during all times relevant to the instant matter." *Id.*, p.1. The motion attached transcripts of depositions of Defendants Regan Snyder (Exhibit A), Randy Kreider, MD (Exhibit B), and Angela Trowbridge (Exhibit C), the transcript of the deposition of Ms. Salsgiver's former cellmate, Haley Bean (Exhibit D), and Ms. Salsgiver's medical records from VCP. The motion did not include a proposed Third Amended Complaint. The Court received argument on the Plaintiff's motion on July 30, 2025. ECF No. 149 (minute entry). Upon consideration of the motion, the responses thereto, and oral argument, the motion is DENIED.

II.   Discussion and Analysis

The Court's first task in evaluating Plaintiff's motion is to ascertain precisely what relief she requests and then identify the Court's applicable standard of review. Plaintiff characterizes her motion as requesting leave to file a third amended complaint, but the amendment she generally describes (but does not attach) would reassert a claim against Venango County, a defendant against which the Court previously dismissed all claims with prejudice. In this regard, her motion is more akin to a motion under Rule 54(b) of the Federal Rules of Civil Procedure for reconsideration of the Court's order dismissing all claims against Venango County and terminating it as a defendant in the action.

A federal court's inherent authority to correct its own errors, so long as it possesses jurisdiction over the action, is firmly rooted in the common law. *See Doss v. Tyack*, 55 U.S. (14 How.) 297, 312–13, 14 L.Ed. 428 (1852); *Bucy v. Nev. Constr. Co.*, 125 F.2d 213, 216–17 (9th Cir. 1942); *see also John Simmons Co. v. Grier Bros.*, 258 U.S. 82, 90–91 (1922) (holding that "if

an interlocutory decree be involved, a rehearing may be sought at any time before final decree"); *Dietz v. Bouldin*, 579 U.S. 40, 46, (2016) ("[T]he Court has recognized that a district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case."). Accordingly, the district court has the power, until final judgment, to "reconsider any portion of its decision and reopen any part of the case." *Marconi Wireless Tel. Co. of Am. v. United States*, 320 U.S. 1, 47 (1943); *accord* 18B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4478 (3d ed. June 2024 update).

This inherent power was confirmed in the 1946 amendments to Rule 54(b). *See Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1381 (11th Cir. 2024). Specifying that non-final orders are "subject to revision at any time" before final judgment (substantially the same language in today's rule), the Committee explained that this change (along with allowing district courts to certify immediate appeals) "re-establish[ed] an ancient policy with clarity and precision." Fed. R. Civ. P. 54(b) (1946); 1946 Advisory Committee Notes on Rule 54.

Although district courts possess plenary power to reconsider non-final rulings, they are not obliged to exercise plenary review when doing so. *Hornady*, 118 F.4th at 1381. "Indeed, in most instances district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underly that justifiable caution." *Id.* (citations omitted). "A district court's discretion in these matters is governed by the law-of-the-case doctrine, which in this context functions as a guide for courts rather than 'a limit to their power.'" *Id.* (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–17 (1988). "Operating with more or less force depending on the stage of litigation, the doctrine as a whole 'expresses the practice of courts generally to refuse to reopen what has been decided.'" *Id.* (quoting *Christianson* at 817. Ultimately, the decision is committed to the sound discretion of the district

court. *Id.* "[A] district court typically would not abuse its discretion when rejecting a motion to reconsider an interlocutory order if the movant simply rehashed arguments already considered and rejected." *Id.* (citations omitted).

If the Plaintiff's motion satisfies the requirements of Rule 54(b), then the Court would consider the propriety of the third amended complaint under Rule 15. *See* Fed. R. Civ. P. 15. Rule 15(a)(2) provides that courts should freely grant leave to amend when justice so requires, but leave may be denied upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or[ futility." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the Third Circuit, "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). Delay alone is insufficient, but delay becomes "undue" when it places an unwarranted burden on the Court or results in prejudice to the opposing party. *See Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984); *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). The non-movant must show more than a generalized claim of prejudice; rather, it must demonstrate that it would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" if amendment were allowed. *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989); *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487–88 (3d Cir. 1990).

Plaintiff's motion fails to proffer a sufficient basis to warrant the Court's reconsideration of its dismissal of all claims against Venango County with prejudice or to support the filing of a third amended complaint. Plaintiff argues that discovery conducted after the dismissal of her claim against Venango County revealed that VCP was significantly understaffed. But that same

evidence confirms that Ms. Salsgiver was seen and evaluated by both Defendants Snyder and Trowbridge and that Defendant Randy Kreider, MD was the physician who was on-call and periodically made rounds in the VCP. While Plaintiff asserts that medical personnel should have been present in the VCP for more hours that what was provided, she has identified no facts to support a finding that the coverage provided was inadequate, let alone deliberately indifferent to detainee medical needs, or that expanded hours for medical personnel would have saved Ms. Salsgiver. To the contrary, the new evidence produced by Plaintiff supports a finding that medical personnel were present to identify Ms. Salsgiver's symptoms, but they failed to recognize the severity of her condition and respond properly to it. Plaintiff has yet to offer a pleading that ties the discrete deficiencies in the case provided to Ms. Salsgiver by the individual defendants to any policy or custom of Venango County.

Authorizing Plaintiff to file an unspecified amendment against Venango County at this late date would also be inequitable and prejudicial. Plaintiff filed her motion to reinstate the County approximately nineteen months after the Court dismissed the claims against the County with prejudice. As in *Cureton*, "[t]he mere passage of time does not require" denial, but a "protracted and unjustified" delay that would force the Court and the parties to reopen discovery, revisit motion practice, and postpone scheduled proceedings constitutes undue delay and prejudice. *Cureton*, 252 F.3d at 273; *Lorenz*, 1 F.3d at 1414.

Here, granting leave to reinstate the County would substantially expand the scope of this litigation, likely encumber new motions from newly added party, and potentially require additional discovery and re-briefing. Such expansion would "result in burden on the Court and inefficient, piecemeal litigation," precisely the kind of prejudicial delay that warrants denial under Rule 15(a)(2). *See, e.g., Giant Eagle, Inc. v. Am. Guarantee & Liab. Ins. Co.*, 2022 WL 19780, at *4

6

(W.D. Pa. Jan. 3, 2022) (denying leave where the movant waited until after substantial rulings and the amendment would add new parties and claims, reverting a years-old case to the pleadings stage).

The County has shown concrete prejudice: allowing the amendment would force duplication of dispositive briefing or impose significant additional costs. This is the kind of unfair disadvantage the Third Circuit identifies as prejudicial under Rule 15. See *Bechtel*, 886 F.2d at 652; *Dole*, 921 F.2d at 487–88.

Nor does Plaintiff's proffered reasons justify further delay. The record reflects that Plaintiff was aware of the operative facts upon which it relies by January 31, 2023, and was also notified by the Court of the deficiencies in its claim against the County and the need for amendment. Yet Plaintiff failed to rectify those deficiencies, opting instead to abandon its claims against the County when she filed her Second Amended Complaint. Now, Plaintiff contends that new information obtained during discovery with the remaining defendants has provided the basis for both a *Monell* claim and an Eighth Amendment failure-to-protect claim against the County. *See* ECF No. 140, pp. 10-13. But the Plaintiff has not provided the Court a proposed third amended complaint. The Court declines, therefore, to endorse a "wait-and-see" approach to a pleading that would derail the current schedule. *See Giant Eagle*, 2022 WL 19780 at 16–21.

It is also likely that further amendment would be futile. *See* Fed. R. Civ. P. 15(a)(2). As for the purported *Monell* claim, the Plaintiff has yet to identify facts to support the existence of a County policy, practice, or custom that caused the constitutional injury to Ms. Salsgiver. While the deposition transcripts appended to her motion arguably supported medical errors by the individual defendants, they do not support any pattern or practice attributable to a policymaker that caused Ms. Salsgiver's death.

III.  Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend and Reinstate Defendants (ECF No. 139) is DENIED. This case shall proceed under the current case management schedule. Nothing in this Order precludes Plaintiff from pursuing any new claims in a separate action, subject to any applicable defenses.

IT IS SO ORDERED.

DATED this 29th day of September, 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE