IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| CYNTHIA CURRAN, ADMINISTRATOR OF THE ESTATE OF CARA BETH SALSGIVER, | ) ) ) | |
| | ) | 1:23-CV-00019-RAL |
| Plaintiff | ) ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| ANGELA TROWBRIDGE, REAGAN SNYDER, R. KREIDER, | ) ) | ECF NO. 172 |
| | ) | |
| Defendants | ) ) | |
| | ) | |

Plaintiff Cynthia Curran, Administrator of the Estate of Cara Beth Salsgiver, moves for reconsideration of this Court's Order of January 10, 2025 (ECF No. 132) based on the Supreme Court's subsequent decision in *Berk v. Choy*, 607 U.S. 187 (2026). In the same motion, Plaintiff seeks leave to file a Fourth Amended Complaint and engage in expert discovery. ECF No. 172. For the reasons discussed herein the Court will grant Plaintiff's motion for reconsideration, vacate its Order at ECF No. 132, and grant Plaintiff leave to file her Fourth Amended Complaint, but Plaintiff's request to conduct expert discovery will be denied.

I. Relevant Procedural History

Plaintiff commenced this action after her daughter, Cara Salsgiver ("Cara"), died while in the custody of the Venango County Prison ("VCP") and allegedly under the care of private healthcare companies and certain of their employees who provided medical services to detainees and inmates at VCP. Plaintiff's initial complaint

asserted claims under 42 U.S.C. § 1983 and state law negligence claims against the medical-provider defendants.  Plaintiff did not accompany her original complaint with a certificate of merit under Pennsylvania Rule of Civil Procedure 1042.3.  She asserted that she lacked sufficient information from initial disclosures and paper discovery to obtain a certificate of merit at that time. ECF No. 173.

Plaintiff's currently operative pleading is her Third Amended Complaint, which she filed on September 30, 2024.  ECF No. 110.  That pleading asserted, among other claims, "general" negligence claims against Defendants UPMC Community Medicine, Inc., Regan Snyder, Dr. R. Kreider, Maxim Healthcare Staffing, and Angela Trowbridge ("Medical Defendants"), each of whom is alleged to have had some role in providing medical care at VCP.  ECF No. 110, ¶¶ 47-53.  But in the same pleading Plaintiff expressly stated that she was "not suing the Defendants for medical negligence." *Id.*, ¶ 48.  Plaintiff's counsel apparently included this disclaimer to avoid Pennsylvania's certificate of merit requirement, which courts in this circuit had consistently held applied to professional negligence cases filed in federal court.  *See, e.g., Schmigel v. Uchal*, 800 F.3d 113, 118 (3d Cir. 2015); *Liggon-Redding v. Est. of Sugarman*, 659 F.3d 258, 264-65 (3d Cir. 2011).  The Medical Defendants, however, apparently did not buy Plaintiff's "general negligence" theory as effective to avoid Rule 1042.3.  On January 3, 2025, Defendants UPMC Community Medicine, Snyder, and Kreider moved to dismiss Plaintiff's negligence claims based on her failure to file a certificate of merit.  *See* ECF No 123.  On January 9, 2025, Defendants Maxim

Healthcare and Trowbridge filed a motion to dismiss on the same grounds. ECF No. 129.

On January 10, 2025, the Court conducted a status conference during which Plaintiff's counsel advised the Court that Plaintiff had no objection to dismissal of Plaintiff's state law negligence claims against the remaining Defendants. The Court thereafter dismissed Counts II through V of the Third Amended Complaint with prejudice. *See* ECF No. 132. This left Plaintiff's civil rights claim under 42 U.S.C. § 1983 against Defendants Dr. R. Kreider, Regan Snyder, and Angela Trowbridge (Count I) as the sole remaining claim.[1]

On November 3, 2025, Defendants Kreider and Snyder moved for summary judgment on Count I. ECF No. 154. On February 17, 2026, the Court terminated that motion without prejudice and *sua sponte* convened a telephonic status conference to address the possible effect of the Supreme Court's decision in *Berk v. Choy* on the Court's Order of January 10, 2025. The Court afforded Plaintiff twenty days to seek reconsideration of that Order. Plaintiff timely filed her motion for reconsideration and for leave to file a Fourth Amended Complaint reinstating her previously dismissed state law claims. ECF No. 172. Plaintiff's motion also requested the reopening of discovery and for 60 days of expert discovery. Defendants Kreider and Snyder (ECF No. 174) and Defendant Trowbridge (ECF No. 176) have opposed the

---

[1] On September 29, 2025, the Court denied Plaintiff's motion to reconsider its prior dismissal of her claims against Venango County and to reinstate the County as a defendant. The Court concluded that although the deposition record may support a finding of medical negligence against the individual Defendants, it did not support that any County policymaker adopted or acquiesced in a policy or practice of deliberate indifference to the medical needs of VCP detainees that caused Cara's death. ECF No. 150.

motion.  Plaintiff has filed two reply briefs in support.  ECF Nos. 175, 177.  Plaintiff's motion is ripe for disposition.

## II. Standard of Review

### A.    Reconsideration Under Rule 54(b) and 60(b).

Although not styled as such, Plaintiff's motion is properly construed as a motion for reconsideration under Federal Rule of Civil Procedure 54(b) or a motion for relief from judgment under Rule 60(b).  Specifically, Plaintiff seeks relief from the Court's Order of January 10, 2025, which granted Defendants' unopposed motion to dismiss her state law negligence claims against the Medical Defendants.  A motion for reconsideration may be granted only upon a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence not previously obtainable through the exercise of reasonable diligence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice.  *See Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Hubbell v. World Kitchen, LLC*, 717 F. Supp. 2d 494, 496 (W.D. Pa. 2010).

Similarly, Federal Rule of Civil Procedure 60(b) authorizes a court to relieve a party from an order or judgment based on "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," or for "any other reason that justifies relief."  Fed. R. Civ. P.60(b)(1), (2), (6).  The catch-all provision of Rule 60(b)(6) has been construed to permit a court "to reopen a judgment in extraordinary circumstances, including a change in controlling law."  *Kemp v. United States*, 596 U.S. 528, 540 (2022) (Sotomayor concurring) (citing *Buck v. Davis*, 580 U.S. 100, 126,

128 (2017) (concluding that the petitioner was "entitle[d] to relief under Rule 60(b)(6)" because of a change in law and intervening developments of fact); *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) ("[A] motion might contend that a subsequent change in substantive law is a 'reason justifying relief,' Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim"); *Polites v. United States*, 364 U.S. 426, 433 (1960) (leaving open that a "clear and authoritative change" in the law governing judgment in a case may present extraordinary circumstances)); *see also, Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 295 (3d Cir. 2021) (holding that change in controlling law *may* justify relief under Rule 60(b)(6)).  The fact that an order or decree was entered by consent does not preclude relief under Rule 60(b).  *See Democratic Nat. Comm. v. Republican Nat. Comm.*, 673 F.3d 192, 209 (3d Cir. 2012) (recognizing that relief from consent decree is available under Rule 60(b) but finding that plaintiff had failed to demonstrate that circumstances had changed sufficiently to justify such relief).

B.    Leave to Amend Under Rule 15(a)(2).

If Plaintiff establishes a right to relief from the Court's order, the Court will then consider the propriety of the proposed Fourth Amended Complaint under Federal Rule of Civil Procedure 15(a)(2).  Rule 15(a)(2) instructs that courts should freely grant leave to amend when justice so requires but permits denial of leave upon a showing of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *United*

*States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014). An amendment is futile if it would not survive a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The decision whether to permit amendment is within the sound discretion of the trial court. *Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 272 (3d Cir. 2001).

III. Discussion

A.    The Supreme Court's decision in *Berk v. Choy* constitutes an intervening change in controlling law.

Plaintiff argues that the Supreme Court's recent decision in *Berk v. Choy* constituted a change in controlling law that warrants reconsideration and vacating of this Court's Order of January 10, 2025. In *Berk*, the Supreme Court held that a provision of Delaware law that prohibited a plaintiff from suing for "medical malpractice unless an affidavit of merit 'accompanie[s]' the complaint," *see* Del. Code, Tit. 18, § 6853(a)(1) (2025), did not apply in federal court because it imposed a pleading requirement beyond those specified by Fed. R. Civ. P. 8(a). *Berk*, 607 U.S. at 187-88. Following the *Berk* decision, this Court held that it implicitly overruled cases such as *Liggon-Redding* and *Schmigel* and that Rule 1042.3's "certificate of merit" requirement no longer applies in cases litigated in federal court. *See Redman v. Irwin*, No. 1:24-CV-00310-RAL, 2026 WL 693884, at *3 (W.D. Pa. Mar. 12, 2026).

Without question, *Berk* represents a change in controlling law regarding federal court pleading requirements in professional negligence cases and had this Court involuntarily dismissed Plaintiff's negligence claims in this case based on her failure to comply with the certificate of merit requirement, reconsideration certainly

would be appropriate.  But the issue is not so straightforward in this case because Plaintiff essentially conceded both motions to dismiss filed by the Medical Defendants.  *See* ECF No. 124 ("Plaintiff has no objection to the Court dismissing the state court claim related to Negligence in the Third Amended Complaint against the moving Defendants."); ECF No. 132.  The Court confirmed this concession during a status conference, and thereafter, in a Court Order.  *See* ECF No. 132. Further complicating matters, Plaintiff had previously disclaimed any claim against the Medical Defendants for "medical negligence."  *See* ECF No. 110, ¶ 48.

Plaintiff asserts that her consent to dismissal of her negligence claims was compelled by the certificate of merit requirement and that now that the Supreme Court has implicitly rejected that requirement for cases litigated in federal court, she should be relieved of the consented-to order that assumed the requirement remained in effect.  It does appear that Plaintiff's consent to dismissal was based on the certificate of merit requirement as it was the only ground raised by the Defendants in their respective motions to dismiss.  Furthermore, the Court had previously held that Plaintiff's earlier Amended Complaint alleged facts sufficient to state a claim against Trowbridge and Snyder under §1983 based on deliberate indifference to Cara's medical needs.  *See* ECF Nos. 78, 80.   Although state law negligence claims and §1983 deliberate indifference claims have different elements, the latter require a more demanding showing to support liability.  *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) (holding that Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety"); *Pearson v. Prison Health Serv.*,

850 F.3d 526, 534 (3d Cir. 2017) (holding that to support an Eighth Amendment claim, plaintiff must show that the defendant was subjectively aware of the plaintiff's serious medical need and acted with deliberate indifference to that need); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994) ("With deliberate indifference lying somewhere between the poles of negligence at one end and purpose or knowledge at the other, the Courts of Appeals have routinely equated deliberate indifference with recklessness."). Given this more demanding standard for liability, it follows that the allegations the Court found sufficient to state an Eighth Amendment deliberate indifference claim also support a state law negligence claim.

Having determined that the Supreme Court's decision in *Berk* represented a material change in controlling law and that the allegations of Plaintiff's earlier Amended Complaint supported a negligence claim, the Court must still address whether Plaintiff's disclaimer of a medical negligence claim judicially estops her from pursing this theory of liability. Here, the equities are not so clear.

Although the Medical Defendants have not expressly invoked judicial estoppel in opposing Plaintiff's motion, their arguments raise the doctrine at least by implication. Judicial estoppel is a "doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding." *Ryan Operations G.P. v. Santiam–Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir.1996) (internal quotation marks and citations omitted). Absent a "good explanation," judicial estoppel prevents a party from gaining "an advantage by litigation on one theory, and then seek[ing] an inconsistent

advantage by pursuing an incompatible theory." *Id.* (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4477 (1981), p. 782). The doctrine "should only be applied to avoid a miscarriage of justice" and "is only appropriate when the inconsistent positions are tantamount to a knowing misrepresentation to or even fraud on the court." *Krystal Cadillac–Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 319, 324 (3d Cir.2003) (internal quotation marks and citations omitted). The Court of Appeals for the Third Circuit has therefore instructed that courts invoke the doctrine only under limited circumstances:

> First, the party to be estopped must have taken two positions that are irreconcilably inconsistent. Second, judicial estoppel is unwarranted unless the party changed his or her position "in bad faith-i.e., with intent to play fast and loose with the court." Finally, a district court may not employ judicial estoppel unless it is "tailored to address the harm identified" and no lesser sanction would adequately remedy the damage done by the litigant's misconduct.

*Id.*, at 322.

In this case, Plaintiff characterized her claims as sounding in "general negligence" rather than "professional negligence." This rebranding was a fairly transparent and ultimately ineffective attempt to avoid the formerly applicable certificate of merit requirement.[2] Plaintiff ultimately conceded that her claims were

---

[2] The essential nature of Plaintiff's state law claims against the Medical Defendants has always been that the care they provided to Cara both fell below the applicable standard of care. Even if Plaintiff believed she could sustain her professional negligence claim without expert testimony, this would not have excused her failure to file a certificate of merit under pre-*Berk* law. Rule 1042.3 specifically authorizes the filing of a certificate of merit stating that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." *See* Pa. R. Civ. P. 1042.3(a)(3).

in the nature of professional negligence claims that could not proceed without a certificate of merit under then applicable law. Although Plaintiff's original characterization of her negligence claims is inconsistent with her current position, the inconsistency was the product of a poorly conceived legal argument rather than any attempt to mislead the Court. And after Plaintiff's counsel apparently recognized that his legal argument was untenable, he conceded that the certificate merit requirement doomed his negligence claims under then-controlling law. But the legal basis for that concession disappeared when the Supreme Court issued it decision in *Berk*. Plaintiff's change in legal position was thus prompted by the *Berk* decision, and as such, was not the product of bad faith. Therefore, judicial estoppel does not apply here.

For the foregoing reasons, the Court finds that the Supreme Court's *Berk* decision was a material change in controlling law that warrants reconsideration of its order dismissing Plaintiff's state law negligence claims. The Court will vacate its order dismissing those claims and direct the Clerk of the Court to reinstate UPMC Community Medicine, Inc. and Maxim Healthcare Staffing based on Plaintiff's associated vicarious liability claims.

B.    Plaintiff will be granted leave to file her Fourth Amended Complaint, but her request for expert discovery will be denied.

Under Rule 15(a)(2), courts must freely grant leave to amend absent a showing of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility of amendment. *Foman*, 371 U.S. at 182. Without prejudice to the Medical Defendants' right to attack the sufficiency of Plaintiff's allegations to support her

10

professional negligence claims upon motion and full briefing, the Court finds that the claims do not appear to be futile for purposes of leave to amend.  Because Plaintiff's proposed amendment to add professional negligence claims arise out of the same conduct, transactions, and occurrences as her currently pending claims and the claims asserted in her original complaint, they relate back to the filing of this action under Federal Rule of Civil Procedure 15(c)(1)(B) and are not barred by Pennsylvania's two-year statute of limitations, 42 Pa. C.S. § 5524(2).  *See Ferencz v. Medlock*, 905 F. Supp. 2d 656, 665 (W.D. Pa. 2012) (holding that an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading") (quoting Fed. R. Civ. P. 15(c)(1)(B). The relation back rule is remedial and should be liberally construed and applied.  *Sea Star Line, LLC v. Emerald Equip. Leasing, Inc.*, No. CIV.A. 05-245-JJF, 2006 WL 956902, at *2 (D. Del. Apr. 13, 2006) (citing *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1367 (5th Cir.1994) (recognizing that "once litigation involving a particular transaction has been instituted, the parties should not be protected by a statute of limitations from later asserted claims that arose out of the same conduct set forth in the original pleadings"; *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525, 1543 (8th cir.1996) (recognizing that Rule 15(c) should be liberally construed so that amendments relate back to the date of the original pleading if they are related to the general fact situation alleged in the original pleading)).  Because all of Plaintiff's pending and proposed claims are based

11

on alleged deficiencies in the care provided to Cara by the same medical providers over a specific and discrete period, the proposed amendment therefore relates back to the filing of this action.

C.      Plaintiff's request for additional discovery will be denied.

The Court will not grant Plaintiff's request to conduct expert discovery at this time and will not entertain any request by Plaintiff to reopen fact discovery. Although the Court finds that equity requires that it vacate its Order of January 10, 2025, and grant Plaintiff leave to amend to assert her professional negligence claims, Plaintiff has had ample time and opportunity to investigate and discover the facts necessary to evaluate both her federal and state law claims and, if necessary, to procure expert review and opinion regarding the sufficiency of her claims.  To avoid undue prejudice to the Defendants, the Court would favorably consider any request for additional discovery a Defendant may require based on Plaintiff's reasserted negligence claims, but it would be prejudicial to Defendants to give Plaintiff yet another opportunity conduct discovery.  Indeed, this Court has liberally entertained Plaintiff's prior requests for discovery in aid of filing her complaint such that any deficiencies in her factual development and expert evaluation of this case could only be the result of a lack of diligence on her part. *Berk* implicitly negated the need for a certificate of merit as a pleading requirement in a professional negligence case in federal court, but it did not change the law that controls the underlying factual predicates of any claim or when expert testimony is or is not ultimately required to support a prima facie case of professional negligence.  To the extent Plaintiff has not

12

evaluated and developed a record concerning these issues, that is on her, not Defendants. The Medical Defendants will be given a full opportunity to file or renew dispositive motions.

IV. Conclusion

For the foregoing reasons, the Court will grant Plaintiff's motion for reconsideration (ECF No. 172), vacate this Court's Order of January 10, 2025 (ECF No. 132), and grant her leave to file a Fourth Amended Complaint, but deny Plaintiff's request to conduct expert discovery. A separate Order will follow.

Dated this 22nd day of June, 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

13